## John McKeen, *Ex'r, vs.* Samuel Page.

Where the defendant gave the plaintiff's testator a note payable in two years, with interest annually, and the testator, at the same time, gave to the defendant a bond, therein agreeing to convey to him certain real estate on the payment of the note at its maturity, and all taxes on the real estate during the time, and further agreeing, that the defendant should occupy the premises during the two years, " free from rent excepting the payment of interest on his note, and if, after the expiration of said term, the " testator " shall make his election to enter upon the " defendant " and eject him from the premises," the defendant " shall be entitled to have his note given up, and this bond is to be given up, said note and bond being both void from the taking of such possession; " and where the defendant entered and occupied for three years, paying no rent nor any part of the note, when the testator entered and ejected the defendant, and afterwards this suit was brought upon the note; *it was held,* that the action could not be maintained.

The action was on a note, dated *September* 28, 1835, for $600, given by *Page* to *Amos Lunt,* of whose estate *McKeen* is executor, payable in two years, with interest annually.

The facts appear in the opinion of the Court, and in the foregoing abstract of the case.

*Everett* argued for the plaintiff, citing *Tucker* v. *Randall,* 2 *Mass. R.* 283; *Estabrook* v. *Moulton,* 9 *Mass. R.* 258; *Greenleaf* v. *Kellogg,* 2 *Mass. R.* 568; *Hastings* v. *Wiswall,* 8 *Mass. R.* 455; *Cooley* v. *Rose,* 3 *Mass. R.* 221.

*Morgan* argued for the defendant.

The opinion of the Court was by

Shepley J. — The testator obliged himself to convey certain estate to the defendant, upon payment of the promissory note now in suit according to its terms. The defendant entered into possession, and was to occupy it until the note was payable " free from rent excepting the payment of the interest due on his note, and the taxes." The interest was payable annually, and the testator might have collected it as it became due. And he might probably, at an earlier time, and in a proper suit, even after the defendant was ejected, have collected the rent. This suit is upon the note, and the question now submitted, is, whether it can be maintained. It was a part of the written contract, that " if, after the expiration of the said term of two years, the said *Lunt* shall

make his election to enter upon the said *Page* and eject him from the premises, the said *Page* shall be entitled to have his note given up, and this bond is to be surrendered, said note and bond being both void from the taking of such possession." The case finds, that the testator, after the lapse of three years, entered upon the premises and ejected the defendant; and according to the terms of their agreement, both note and bond were from that time void.

The argument for the plaintiff is, that the intention of the parties being clearly apparent, that the defendant should pay the rent or interest; although he failed to complete the purchase, the note should not be regarded as wholly void, but as an existing contract for the interest or rent. A construction so much at variance with the language used by the parties, is not authorized, when it is considered, that without it, the testator might have secured all his rights, by a seasonable attention to them. He omitted to collect the interest or rent while the remedy was perfect; and elected in accordance with his own agreement to destroy that remedy, so far as it depended upon the note. Any loss, which he may have suffered, must be regarded as occasioned by his own voluntary acts, or by his neglect to enforce his rights in season.

*Plaintiff nonsuit.*